UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 3:16-CR-102-DPJ-FKB

JAMES EASTERLING, JR.

ORDER

Defendant James Easterling, Jr., seeks dismissal of the criminal charges against him for violation of the Speedy Trial Act, or alternatively for violation of his due-process rights. Because the time at issue is excludable due to Easterling's mental incompetence and his due-process argument is unpersuasive, the motion to dismiss [19] is denied.

I.  Facts and Procedural History

The Government charged James Easterling, Jr., with threatening to assault and murder a government employee on November 28, 2016. On November 29, Easterling appeared and, based on his demeanor, the Government moved for a mental evaluation. The following day, the Court granted the motion.

Several months later, on April 19, 2017, the Court received testimony from Dr. Tennille Warren-Phillips, reviewed the mental evaluation report from the Federal Detention Center, and concluded that Easterling was mentally incompetent. In an Order entered two days later and signed by the parties, the Court: (1) ordered Easterling committed to the custody of the Attorney General for hospitalization and treatment for a reasonable period of time, not to exceed four months; (2) directed the Attorney General to update the Court as to Easterling's progress; (3) held that any delay resulting from Easterling's treatment would be excluded for purposes of the Speedy Trial Act; and (4) ordered the United States Marshal Service to deliver Easterling to the

designated facility for hospitalization and treatment. Sealed Order [17] at 1–2. To date, the hospitalization and treatment of Easterling has not occurred; he continues to be held in the Madison County Detention Center.

Perhaps realizing the oversight, the Government moved for permission to provide copies of the April 21 Sealed Order to the parties, the United States Marshal Service, and the Bureau of Prisons on October 5, 2017. Gov't's Mot. [18]. Contemporaneously, Easterling sought to dismiss the indictment. Def.'s Mot. [19]. After extended briefing, including sur-replies from both sides, the Court is prepared to rule.

II. Analysis

   A. Speedy Trial Act

Easterling first argues that dismissal is appropriate under the Speedy Trial Act because more than 70 days passed between the Court's Order finding him mentally incompetent (April 21, 2017) and the Government's motion for limited access (October 5, 2017). Def.'s Mot. [19] at 5. As pointed out by the Government, 18 U.S.C. § 3161(h)(4) excludes delays "resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial" in computing the time within which the trial must commence. *See also* Sealed Order [17] at 1–2 (excluding any delay). Defendant says that tolling does not apply because the trial was delayed based not on his mental condition, but on the Government's failure to transport him to a mental facility in a timely manner. But he does not cite any authority for this position, and ample authority exists confirming that these type delays are properly excluded. *See, e.g., United States v. Patterson*, 872 F.3d 426, 433–34 (7th Cir. 2017) (excluding six-month delay between the defendant's remand to federal custody for treatment and his transfer to FMC Butner for treatment pursuant to § 3161(h)(4) and rejecting transportation-delay argument); *United States v.*

*Pendelton*, 665 F. App'x 836, 839 (11th Cir. 2016) ("[I]f a defendant is mentally incompetent under § 3161(h)(4), that time is excludable even if there is also a transportation delay that is unreasonably long and thus not excludable under § 3161(h)(1)(F)."); *United States v. Romero*, 833 F.3d 1151, 1155 (9th Cir. 2016) (noting that nothing in 18 U.S.C. § 3161(h)(1)(F), which addresses transportation delays, "suggests that it should trump the requirements of § 3161(h)(4)"). The Court finds that dismissal based on the Speedy Trial Act is unwarranted; the time is excludable due to Easterling's mental incompetence.

B. Title 18 U.S.C. § 4241(d)(1)

Next, Easterling says that due process requires dismissal of the charges because more than four months have elapsed since the Court ordered commitment. Def.'s Reply [22] at 2. He cites to 18 U.S.C. § 4241(d)(1), which provides that after a finding that the defendant is mentally incompetent, the Attorney General shall hospitalize the defendant "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Easterling further relies on *Jackson v. Indiana* for the proposition that indefinite commitment of a criminal defendant violates due process. 406 U.S. 715, 731 (1972) (holding "that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future").

Defendant's argument in not well-taken. First, Easterling is still awaiting hospitalization. This case does not involve a prolonged commitment; it involves an unfortunate and prolonged delay in moving the defendant to the appropriate facility. Second, this is not an "indefinite

3

commitment." *Id.* The Court's Order directed commitment "for a reasonable period of time, not to exceed four months." Sealed Order [17] at 1. Once Easterling is hospitalized, the expectation is that a determination will be made within that four-month timeframe. Third, Easterling has not directed the Court to any authority suggesting that dismissal of criminal charges is appropriate under 18 U.S.C. § 4241(d)(1). And analogous cases, albeit in the speedy-trial context, suggest that similar delays between an order of commitment and hospitalization are permissible. *See, e.g., Patterson*, 872 F.3d at 433–34 (affirming exclusion of six months between the order of remand for treatment and the defendant's arrival at the medical center); *Pendleton*, 665 F. App'x at 839 (affirming exclusion of 53 days); *Romero*, 833 F.3d at 1153–55 (affirming exclusion of 81 days and noting that the criminal trial of an incompetent defendant would violate due process). Dismissal premised on 18 U.S.C. § 4241(d)(1) is likewise not appropriate.

III. Conclusion

For the reasons stated, Defendant's motion to dismiss [19] is denied.

That said, the Court is extremely concerned over the amount of time that has elapsed since the entry of the Court's Sealed Order [17] and the complete failure to deliver Easterling for hospitalization and treatment. **Accordingly, the Government's motion for limited access [18] to the Order is granted, and it is directed to deliver copies of the April 21 Sealed Order, along with copies of this Order, to the parties, the United States Marshal Service, and the Bureau of Prisons within one (1) business day. Additionally, the Government is directed to file an update within ten (10) days advising the Court as to the status of Easterling's hospitalization.**

**SO ORDERED AND ADJUDGED** this the 29th day of November, 2017.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE